

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5075 | **DATE** | 10/9/2001 |
| **CASE TITLE** | UNITED STATES OF AMERICA, EX REL. DEMETRIUS CLERK vs. GUY D. PIERCE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   The petition for a writ of habeas corpus [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | OCT 11 2001 | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/9/2001 | |
| SB courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice CB mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>EX REL. DEMETRIUS CLERK<br><br>Plaintiff,<br><br>v.<br><br>GUY D. PIERCE<br><br>Defendant. | No. 01 C 5075<br><br>Suzanne B. Conlon, Judge |

**DOCKETED**

**OCT 1 1 2001**

## MEMORANDUM OPINION AND ORDER

Petitioner Demetrius Clerk ("Clerk") seeks a writ of habeas corpus to vacate his conviction pursuant to 28 U.S.C. § 2254.

## PROCEDURAL BACKGROUND

On August 14, 1991, Clerk was convicted of home invasion and sentenced to forty years imprisonment in the Circuit Court of Kane County. The Appellate Court of Illinois affirmed the conviction in an unpublished decision. *People v. Clerk*, No. 2-91-0936 (Ill. App. Ct. filed Sept. 15, 1993). On April 28, 1994, the Illinois Supreme Court denied Clerk's petition for leave to appeal. Clerk did not petition the United States Supreme Court for a writ of *certiorari*. On April 26, 1996, Clerk filed a petition for post-conviction relief in the Circuit Court of Kane County. His petition was denied on April 17, 1997. The Appellate Court of Illinois affirmed the denial of post-conviction relief on April 27, 1999, and on June 4, 1999, denied Clerk's motion for rehearing. On December 30, 1999, Clerk sought leave to file a late petition for leave to appeal to the Illinois Supreme Court; leave was denied on June 22, 2000.

1



Clerk filed this habeas petition on June 21, 2001, claiming he is unlawfully detained on three grounds. First, Clerk claims he was denied a fair trial in violation of the Sixth and Fourteenth Amendment because the state trial court allowed the prosecutor to cross-examine his alibi witnesses regarding the whereabouts of individuals not called or mentioned by the defense at trial. Second, he claims his Sixth Amendment right of counsel and to an impartial jury were violated because his counsel was restricted from asking certain questions during *voir dire* regarding an alibi defense and the court did not instruct the jury on the alibi defense. Third, Clerk claims his Fourteenth Amendment right of equal protection was violated because he was not proven guilty beyond a reasonable doubt.

## STATEMENT OF FACTS

The factual findings of a state trial or appellate court are presumed true in a federal habeas proceeding unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). There is no evidence before the court to rebut this presumption. Accordingly, the following facts are drawn from the appellate court's opinion affirming Clerk's conviction.

On the night of December 21, 1990, Denise Banks and her boyfriend, Ray Cotton, went into a tavern in Aurora, Illinois, where the couple had some alcoholic drinks and talked. While talking to a man named "Roger," the couple were approached by two black males. Banks identified one of the men as Clerk. The two men wanted to know if they were interested in purchasing a television set. Cotton and Roger accompanied the two men to the parking lot to view the television set. Cotton purchased the set for $75 cash. Banks and Cotton then left the tavern and drove to Cotton's home.

After the couple went to bed, Banks heard noises and woke Cotton. Cotton surveyed the house. After finding nothing suspicious, he went back to bed. Shortly thereafter, Banks and Cotton

heard noises at the back door. Cotton took his gun and approached the back door. The door opened, and the two men who had sold Cotton the television set entered the house. One of the men hit Banks, knocking her into the refrigerator. The men disarmed Cotton and tied Banks and Cotton with cords. Banks testified that Clerk covered her with a blanket and when she removed it, he punched her in the eye. The men kicked Cotton and poured hot tap water over the couple. The men proceeded to rob the couple and burglarize the house. In January 1991, Banks and Cotton went to the Aurora police station and identified Clerk as one of the assailants from a photographic array. Cotton stated that he was afraid to identify Clerk because he was not sure if Clerk was in custody.

For the defense, Michael Gonzales, a friend of Clerk's, testified that he went to Clerk's apartment on December 21, 1990, around 6 p.m. Clerk lived with his girlfriend, Sharon Beasley (they later married), and her four children. Gonzales' girlfriend, Keela Moore, was also present. Gonzales spent the night at Clerk's apartment and left only once, around 3:30 a.m., to accompany Beasley to get alcohol. Gonzales testified that Clerk only left the apartment once that night, between 8:00 - 8:30 p.m., to purchase some Christmas ornaments. On cross-examination, the prosecutor asked Gonzales whether five other specifically named individuals were present at the apartment that night. Gonzales stated they were not. Despite his awareness of the charges Clerk was facing, Gonzales did not come forward with this information until 7:00 p.m. the night before he testified.

Keela Moore also testified that Clerk only left the apartment between 8:00 - 8:30 p.m. The prosecutor asked Moore whether the same five specific individuals were present at Clerk's apartment. Moore stated they were not present. Moore initially did not come forward because she did not want to get involved.

Following a jury trial, Clerk was convicted of home invasion and sentenced to forty years in

prison.

## DISCUSSION

It is undisputed that Clerk exhausted his state remedies. Clerk raises three grounds for habeas relief. The state contends Clerk's claims are either procedurally defaulted, or should be denied on the merits. These arguments are addressed in turn.

### I. Standard of Review

A federal court will not grant habeas corpus relief on any claim adjudicated on the merits by a state court unless: (1) the state court applied a Supreme Court doctrine unreasonably to the facts of the case; or (2) the state court's decision relied on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). For relief based on an unreasonable application of Supreme Court doctrine, the state court's decision must be both incorrect and unreasonable. *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000).

### II. Right to Counsel and an Impartial Jury

Clerk contends his Sixth Amendment rights to counsel and an impartial jury were violated because his counsel was restricted from asking certain questions during *voir dire*. The state argues that this claim is procedurally defaulted because Clerk did not raise this issue in his petition for leave to appeal to the Supreme Court of Illinois.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a state prisoner must give the state courts one full and fair opportunity to adjudicate his federal constitutional claims. Even though the Illinois Supreme Court's review is discretionary, it is part of the state's appellate review process. Accordingly, a state prisoner must

give the Illinois Supreme Court the opportunity to resolve any constitutional infirmities in order to satisfy the exhaustion requirement. *Id.* at 844-46. Because Clerk did not present his right to counsel and an impartial jury claims to the Illinois Supreme Court, he has not satisfied the exhaustion requirement. Thus, his claim is procedurally defaulted.

### III. Right to Fair Trial

Clerk contends he was denied the right to a fair trial in violation of the Sixth and Fourteenth Amendments because the state prosecutor was allowed to cross-examine his alibi witnesses (Michael Gonzales and Keela Moore) about five individuals not called or referred to by the defense in their case in chief. The state contends this claim should be denied on the merits. However, the court need not reach the merits of this claim because it is procedurally defaulted.

To meet the exhaustion requirement, a petitioner must fully and fairly present each claim to the state courts. *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* In order to fairly present a constitutional claim, the petitioner must have submitted both the operative facts and the controlling legal principles to the state courts. *Id.* "A petitioner may reformulate his claims somewhat, so long as the substance of his arguments remains the same.... However, a petitioner's reformulation of his claim should not place the claim in a significantly different legal posture by making the claim stronger or more substantial." *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001).

In presenting his claim to the state courts, Clerk did not rely on any federal or state case law employing federal law or federal constitutional law. Nor did Clerk refer to the United States Constitution, the Sixth Amendment, or the Fourteenth Amendment. Thus, it is not surprising that

5

the appellate court did not address Clerk's present constitutional claims. Instead, the appellate court based its ruling on Illinois law governing discovery and discovery sanctions, and held that the improper questioning did not constitute reversible error. The legal posture of Clerk's claim before this court is substantially different than it was before the state courts. Accordingly, Clerk's claim is procedurally defaulted because he did not fully and fairly present his constitutional claim to the state courts.

## IV. Evidence Failed to Prove Guilt Beyond a Reasonable Doubt

Clerk's final claim is that he was not proven guilty beyond a reasonable doubt, in violation of the Fourteenth Amendment. This claim is procedurally defaulted. Clerk did not argue that the evidence failed to prove guilt beyond a reasonable doubt before the state appellate and supreme courts.[1] Accordingly, his claim is procedurally defaulted. *See Rodriguez*, 193 F.3d at 917.

## V. Cause and Prejudice or Miscarriage of Justice

A federal court cannot hear defaulted claims unless the petitioner shows: (1) good cause for the procedural default and actual prejudice from his failure to raise his claims; or (2) that failure to review the claims would result in a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Milone v. Camp*, 22 F.3d 693, 700 (7th Cir. 1994) (the burden of persuasion on petitioner is difficult).

Clerk does not address the procedural defaults in his petition. Good cause normally requires a showing of an external objective impediment to the petitioner's presentation of his claim, such as unavailability of the factual or legal bases for a claim, or interference by state officials. *Murray v. Carrier*, 477 U.S. 478, 485-87 (1986). There is no evidence in the record that Clerk was impeded

---

[1] Clerk did not raise this issue until his petition for post-conviction relief.

in bringing his constitutional claims before the state courts. Because Clerk cannot establish good cause, discussion of the prejudice requirement is unnecessary.

Nor does Clerk contend that failure to review his habeas claims would result in a fundamental miscarriage of justice. A miscarriage of justice occurs where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 495-96. To meet this standard, Clerk must show that it is more likely than not that no reasonable juror would have convicted him. *Rodriquez*, 193 F.3d at 917. Clerk does not point to any evidence showing he is actually innocent. Moreover, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" based upon the testimony of the two victims, Cotton and Banks, who coherently and consistently testified that Clerk was one of the assailants. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Therefore, no fundamental miscarriage of justice results from application of the procedural default rule. Clerk has failed to meet his burden of persuading the court that it should hear his defaulted claims.

## CONCLUSION

The petition for a writ of habeas corpus is denied.

October 9, 2001

ENTER:

Suzanne B. Conlon
United States District Judge